Civil Case No. 1:23-cv-_____


TAVIN CONWAY,

               Plaintiff,

v.

JAYME, LLC, d/b/a Silver Ridge Lodge, and
MICHAEL ESPOSITO, an individual,

               Defendants.

---

## COMPLAINT

---

## INTRODUCTION

1. Plaintiff Tavin Conway ("Plaintiff") worked for Defendants' motel performing maintenance and groundskeeping duties for almost two years, from approximately January 1, 2021, to November 28, 2022. While in this position, Defendants underpaid Plaintiff Conway in several different ways. First, at the time of hiring Defendant Esposito told Plaintiff Conway he would receive $15 an hour. However, Defendants never paid Plaintiff Conway at that rate and after starting, Plaintiff learned that Defendants were only paying him right at the Colorado 2021 minimum wage rate (i.e., $12.32/hour). Because Defendants did not pay Plaintiff Conway for all hours he worked, his effective hourly rate was actually less than the minimum wage in 2021. When the Colorado minimum wage rate increased in 2022 (to $12.56/hour), Defendants failed to increase Plaintiff Conway's pay rate; his rate remained $12.32 an hour for most of his remaining tenure. However, for the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

last three days of Plaintiff Conway's employment, Defendants further decreased his pay rate to $11.30 per hour.

2. In addition, Defendants did not properly pay Plaintiff for his overtime work. During his employment for Defendants, Plaintiff Conway generally worked more than 8 hours a day. Because Plaintiff Conway typically worked 7 days per week, he almost always worked over 40 hours per week. However, when his work did exceed 40 hours in a given week, Defendants adjusted the time Plaintiff logged to reflect fewer hours than he had actually worked. As such Defendants never compensated Plaintiff Conway for overtime.

3. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Jayme, LLC, d/b/a Silver Ridge Lodge and Michael Esposito, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

4. Plaintiff Conway also brings conversion claims against Defendants, under C.R.S. § 18-4-405 and relevant case law, because Defendants' failure to pay the Plaintiff less than the minimum wage and their willful refusal to pay his full wages are defined by relevant regulations to constitute theft of services, upon which a civil claim for conversion can lie. C.R.S. § 18-4-401 and COMPS #37–38, § 8.4

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

7. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' motel located at 545 W Rainbow Blvd, Salida, CO 81201, and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant Jayme, LLC d/b/a Silver Ridge Lodge**

8. Defendant **Jayme, LLC** d/b/a Silver Ridge Lodge (hereinafter "Silver Ridge Lodge") is a foreign limited liability company doing business within Chaffee County, whose principal place of business is located at 545 W Rainbow Blvd, Salida, CO 81201. Its registered agent is listed with the Colorado Department of State as Michael Esposito at the same address.

9. At all relevant times, Defendant Silver Ridge Lodge had annual gross revenues in excess of $500,000.

10. At all relevant times, Defendant Silver Ridge Lodge was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. Upon information and belief Defendant Silver Ridge Lodge purchases numerous, supplies, equipment, and other necessary items to run its business and serve its customers, using out

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

of state vendors selling such supplies, and equipment originating outside the state of Colorado. Further, Defendant Silver Ridge Lodge advertises to the entire world on the internet at *https://silverridgelodge.com/* and using numerous other third-party websites. Defendant Silver Ridge Lodge also accepts payments by credit cards and, upon information and belief, utilizes the phone and internet lines to accept and transmit such payments.

12. At all times material to this action, Defendant Silver Ridge Lodge was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Michael Esposito**

13. Defendant Michael Esposito, an individual, resides at 545 W Rainbow Blvd, Salida, CO 81201, Chaffee County, upon information and belief.

14. At all times material to this action, Defendant Esposito is an owner of Defendant Silver Ridge Lodge and actively participated in the business of the company.

15. At all times material to this action, Defendant Esposito exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules. In fact, he actually did hire and fire the Plaintiff, set his rates of pay, and directed his day to day activities.

16. At all times material to this action, Defendant Esposito was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Tavin Conway**

17. Plaintiff Tavin Conway is a resident of Colorado.

18. Plaintiff Conway worked for Silver Ridge Lodge as a maintenance man and groundskeeper from January 1, 2021 to November 28, 2022.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

19. Plaintiff Conway's duties and responsibilities were to remodel, move, and perform any other laboring tasks required by Defendants to facilitate customer stays at the business. In that role, Plaintiff was expected to maintain both guestrooms and the exterior grounds of the Defendants' business 7 days-a-week, including remodeling, moving, and any other laboring tasks required by the Silver Ridge Lodge to facilitate customer stays.

20. At all times material to this action, Plaintiff Conway was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

21. In this position, Conway regularly interacted with customers who are from all across the United States and the world, while maintaining the premises and rooms in which they stayed.

22. Plaintiff's primary supervisor was Michael Esposito.

23. Plaintiff estimates that generally he worked at least 40 hours per week, and he typically worked over 50 hours per week.

24. While working in this capacity, Plaintiff Conway was expected to record time worked, by input into a handwritten daily log. Upon information and belief, Defendants are in possession of all employees' time records, including Plaintiff's.

25. Plaintiff Conway typically started work at 9:00 AM and stopped work at 5:00 PM. Plaintiff Conway usually worked 7 days per week and even after he was provided two days off per week, Plaintiff was regularly called into work on those days.

26. Defendants regularly required Plaintiff Conway to perform his duties, both before and after clocking in and after clocking out for Plaintiff's usual shifts. Specifically, Plaintiff Conway lived onsite of Defendants' business, allowing Defendants to regularly call on Plaintiff to perform tasks outside of regular business hours.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

27. Defendants improperly adjusted (i.e., "shaved") time to minimize Plaintiff Conway's hours worked and the possibility of any overtime, after Plaintiff provided his hours. Specifically, Plaintiff Conway became aware that Defendants were changing the handwritten daily logs to reflect fewer hours worked.

28. While in this position, Plaintiff Conway's pay scheme was hourly.

29. Plaintiff Conway's rate of pay, for the majority of his employment was $12.32 per hour.

30. Defendants failed to increase Plaintiff Conway's pay to Colorado's increased minimum wage ($12.56), after January 2022.

31. Approximately three days prior to resigning, Plaintiff Conway discovered that Defendants had unilaterally reduced his hourly pay rate to $11.30.

32. Although Defendants agreed to provide Plaintiff Conway with a room in which he could live on the Lodge's premises, this room failed to meet even minimum standards of habitability. The room's toilet leaked and became non-operational for approximately 6 months. Plaintiff was tasked with attempting to replace the toilet, but the floor under the toilet was too rotted to allow a new toilet to be installed. Additionally, the room's windows did not lock, there was no deadbolt on Plaintiff's door, and the air-conditioning unit and heater failed to regulate the temperature in the living space. Although Plaintiff Conway made multiple requests, Defendants failed to either fix the toilet or the damage caused by its leak.

33. As such, Plaintiff Conway was not paid minimum wage for a significant portion of his employment by Defendants and was not provided a rate of one-and-one-half times his normal hourly rate for all hours over 40 worked in a workweek.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Conway v. Silver Ridge Lodge, et al.
USDC, District of Colorado

Complaint
Page 6

# LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

34. Plaintiff realleges and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

35. Defendants failed to compensate Plaintiff at a rate of one- and one-half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

36. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

37. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

38. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage and overtime. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

39. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

40. As a result of the violations by Defendants of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

41. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

42. Defendants were Plaintiff's "employers" as that term is defined by the CWA and COMPS. 7 C.C.R. 1103-1(1.6).

43. Plaintiff was Defendants' "employee" as that term is defined by the COMPS because he performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(1.5).

### *Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

44. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

45. Specifically, Defendants paid Plaintiff at a rate $12.32 per hour and frequently reduced his logged hours. Thus, the amount Plaintiff received in a given workweek divided by the number of hours actually worked resulted in a wage less than the applicable minimum wage rate for at least some workweeks.

### *Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

46. Plaintiff worked more than 40 hours in at least some workweeks.

47. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

48. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Conway v. Silver Ridge Lodge, et al.*
USDC, District of Colorado

Complaint
Page 8

49. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

50. Defendants violated the CWA as implemented by the COMPS Orders, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

51. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### Failure to Pay Wages When Due
**(Violation of the C.R.S. § 8-6-103)**

52. The Defendants failed to pay Plaintiff all his earned wages when due.

### Failure to Pay All Earned Wages
**(Violation of the C.R.S. § 8-6-109)**

53. Plaintiff has been separated from employment with Defendants.

54. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

55. Specifically, upon Plaintiff's termination on or about November 28, 2022, Defendants have failed to pay Plaintiff's earned wages, outlined herein, which remain outstanding at the time of this complaint.

### Improper Deductions
**(Violation of the C.R.S. § 8-4-105)**

56. Defendants made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9).

57. Specifically, Defendants would make variable deductions from Plaintiff's checks for

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

purposes of penalizing behavior, housing, mandatory meals, and tools necessary for Plaintiff's job, resulting in Plaintiff not receiving those earned wages for hours worked, at the time they were due.

### Failure to Pay Wages In Response to Wage Demand
**(Violation of the C.R.S. § 8-6-109)**

58. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated January 10, 2023.

59. Defendants have not tendered any payment in response to this demand.

60. Defendants specifically declined any settlement of the above issues on January 17, 2023, in writing via counsel.

61. More than 14 days have elapsed since January 10, 2023.

62. Defendants' failure to pay Plaintiff's owed wages in response to the wage demand was willful.

63. Therefore, Defendants owe Plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

### Record-Keeping Failures; Failure to Provide Pay Stubs
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))**

64. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

   a. Name, address, social security number, occupation and date of hire;

   b. Date of birth, if the employee is under eighteen (18) years of age;

   c. Daily record of all hours worked;

   d. Record of allowable credits and declared tips; and

   e. Regular rates of pay, gross wages earned, withholdings made and net amounts paid

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

each pay period.

65. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order/COMPS 7 C.C.R. 1103-1(12)).

*Damages*

66. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### As And For A Third Cause of Action:
#### CONVERSION/ THEFT OF SERVICES

67. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

68. Pursuant to COMPS #37–38, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

69. By failing to pay the Plaintiff all of his wages or compensation, Defendants have committed theft of services.

70. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)    Unpaid and underpaid wages due under the FLSA and the CWCA; and

(B)    Liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C)    Statutory damages as provided for in the CWCA; and

(D)    Conversion damages as provided for in C.R.S. § 18-4-404; and

(E)    Interest; and

(F)    The costs of this action together with reasonable attorneys' fees; and

(G)    Such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

Respectfully submitted, this **10th** day of **April**, **2023**.

ANDERSONDODSON, P.C.

*s/ Ryen C. Schimerman*
**Ryen C. Schimerman**
*rschimerman@andersondodson.com*
*s/ Mary Elizabeth Melso*
**Mary Elizabeth Melso**
*mmelso@andersondodson.com*
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
(212) 961-7639 tel.


Attorneys for Plaintiff

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*